**IN THE SUPERIOR COURT OF GUAM** SUPERIOR COURT
OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | **Criminal Case No. CF0042-21** |
| | GPD Report No. 20-31823 |
| v. | **Criminal Case No. CF0048-18** |
| | GPD Report No. 18-02431 |
| TOMMY PETER | |
| (*aka* **TOMMY FASI**) | |
| (*aka* **BATNI FASI**) | |
| (*aka* **BALTI FASI**) | **DECISION AND ORDER** |
| (*aka* **BAT FASY**) | **GRANTING** |
| (*aka* **BATLY FASI**) | **THE PEOPLE'S MOTION** |
| (*aka* **PATSY FASI**) | **TO REVOKE PROBATION** |
| (*aka* **PATNI FASI**) | |
| (*aka* **BENTY PATCHES**) | |
| (*aka* **PLENTY PATCHES**) | |
| (*aka* **BENTY**) | |
| (*aka* **JOHN DOE**) | |
| (*aka* **TEKESON WILLIAM**) | |
| (*aka* **TOMMY WILLIAM**) | |
| | |
| DOB: 05/10/1976 or 05/09/1979 or 05/19/1979 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 31, 2024 for a Revocation Hearing in the above-captioned matter related to Tommy Peter's (*aka* Tommy Fasi) (*aka* Batni Fasi) (*aka* Balti Fasi) (*aka* Bat Fasy) (*aka* Batly Fasi) (*aka* Patsy Fasi) (*aka* Patni Fasi) (*aka* Benty Patches) (*aka* Plenty Patches) (*aka* Benty) (*aka* John Doe) (*aka* Tekeson William) (*aka* Tommy William) ("Defendant") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender John Morrison. The People of Guam were represented by Assistant Attorney General William Stamps. Having duly considered the Parties' briefs, oral

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page **1** of **6**

arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On August 26, 2021, Defendant entered a plea of guilty to Aggravated Assault (as a 3rd Degree Felony) in CF0042-21 and Assault (as a Misdemeanor) in CF0048-18. See Judgment of Conviction (Sep. 24, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.
- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment and comply with all treatment recommendations and requirements including paying all related treatment and Court costs. If treatment requires attendance at Guam Behavioral Health and Wellness Center (GBHWC) programs, Defendant shall go to GBHWC for assessment.
- **RESTITUTION:** Defendant shall pay restitution in the amount of **two thousand dollars ($2,000.00)** to Mylene Sandoval (in CM0224-13). Defendant's obligation shall survive beyond the expiration of any probation term.
- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus court costs of eighty dollars ($80.00). All or part of the fine imposed maybe converted to community service at the current prevailing minimum wage.
- **COMMUNITY SERVICE:** Defendant shall complete **one hundred fifty (150) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.
- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page 2 of 6

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On December 21, 2021, a Violation Report was filed indicating that Defendant had violated several terms of his probation. See First Violation Report (Dec. 21, 2021). The Court was informed that Defendant hadn't reported to the Adult Probation Office in nearly two months, and had not reported to either CSFC or GBHWC for his initial intake and drug/alcohol assessments. Id. The Court was also informed that Defendant had made no progress on paying off his restitution, court costs, or fines, and had not performed any of his community service hours. Id.

On March 30, 2022, another Violation Report was filed. The Court was informed that Defendant had been arrested and charged with Assault (as a Misdemeanor) in CM0090-22. See Second Violation Report (Mar. 30, 2022).

On October 2, 2023, another Violation Report was filed. The Court was informed that Defendant hadn't been attending CSFC's treatment recommendations, and hadn't reported to GBHWC for his initial intake and assessment. See Third Violation Report (Oct. 2, 2023). The Court was also informed that Defendant hadn't reported to the Adult Probation Office in several months. Id. It was also made known that Defendant hadn't begun paying off any of his restitution claims or working off his community service hours, and was also behind on paying off his fines and court costs. Id.

On November 14, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Nov. 14, 2023). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Nov. 28, 2023).

This matter was set for Further Proceedings on December 28, 2023, and Defendant was summonsed to appear in person. See Summons (Oct. 11, 2023). However, Defendant failed to appear

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page 3 of 6

on that date and a bench warrant was issued for his arrest. See Minute Entry (Dec. 28, 2023); Bench Warrant (Dec. 29, 2023).

On December 31, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Nov. 8, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page 4 of 6

on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant has consistently failed to report to the Adult Probation Office, and has made zero progress on paying off his restitution or working off his community service hours. Furthermore, Defendant is not attending his counseling / treatment sessions as required, and hasn't even appeared for his initial intake / assessment at GBHWC. Defendant has also directly violated this Court's orders, having failed to appear at hearings at which he was summonsed to.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant repeatedly violated the same probationary conditions over and over again, failing to report to the Adult Probation Office and failing to comply with his counseling and treatment sessions at CSFC and GBHWC. The fact that Defendant has made zero progress on completing his restitution or community service obligations shows that Defendant never intended on completing these conditions to begin with. Defendant's demonstrated history of noncompliance with conditions and orders imposed by the Adult Probation Office is compounded by his noncompliance with orders imposed by this Court.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page 5 of 6

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** this  Jan. 9, 2025

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG , POSC_

Date: 1/9/25 Time: 2:12 p

Antonio C. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0042-21 & CF0048-18, *People of Guam v. Tommy Peter*
Page 6 of 6